# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| FELIPE A. PLACENCIA | CIVIL ACTION NO. 05-1612 |
|---|---|
| VS. | SECTION P |
| J.P. YOUNG, ET AL | JUDGE MINALDI |
| | MAGISTRATE JUDGE WILSON |

## REPORT AND RECOMMENDATION

Before the court is *pro se* petitioner Felipe Placencia's civil rights suit filed on September 12, 2005. Placencia is currently detained at the Federal Correctional Institute–Oakdale (FCIO) in Oakdale, Louisiana. Plaintiff names the following as defendants herein: FCIO Warden J.P. Young; the Department of Homeland Security (DHS); the Bureau of Prisons (BOP); Assistance Secretary of U.S. Immigration and Customs Enforcement Michael J. Garcia; U.S. Department of Justice (Civil Division, Torts Branch) Paralegal Claims Specialist Aleta Bodolay; U.S. Department of Justice (Civil Division) Field Officer Director Craig Robinson; U.S. Immigration and Customs Enforcement (Office of Detention and Removal Operations) Acting Assistant Director Wesley J. Lee; U.S. Immigration and Customs Enforcement (Office of Detention and Removal Operations) Deportation Assistant Samuel Edwards; and, Bergen County Jail.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Plaintiff states that on November 22, 2004, he was arrested by officers employed by the Department of Homeland Security (DHS) as a result of a 2000 conviction for second degree assault. After his arrest, plaintiff was held for two weeks at the Bergen County Jail (BCJ) in Hackensack, New

Jersey. During this time, officials at BCJ took and inventoried plaintiff's personal property. Plaintiff was given a receipt which listed his property, and states that he was told that the property would be mailed to his mother's New York address. Plaintiff was transferred to FCIO on November 7, 2004, and claims that as his property was not sent to his mother, he began filing requests concerning the whereabouts of same.[1] It appears from the documents filed by plaintiff that his written inquiries were repeatedly forwarded from one person/agency to another. On May 31, 2005, the Acting Assistant Director of the U.S. Immigration and Customs Enforcement (ICE), Office of Detention and Removal Operations, sent plaintiff a letter informing him that his property could not be found, and that it was assumed that the property was lost. Plaintiff was instructed to complete an SF-95 form and forward same to DHS, ICE Counsel's Office, who would process his claim for compensation under the Federal Tort Claims Act (FTCA). Plaintiff did as instructed, and on June 22, 2005, a letter was sent to him from the Associate Legal Advisor of ICE, notifying him that his claim for damages was denied. Plaintiff was informed that should he wish to file suit against the United States to recover any alleged damages or expenses, that pursuant to 28 USC § 2401(b) he must do so in the appropriate U.S. District Court no later than six months after the June 22, 2005, letter was mailed. Thereafter, documents in the file show that additional correspondence from plaintiff was again shifted from one agency to another, apparently culminating in the filing of the present civil action on September 12, 2005.

## LAW AND ANALYSIS

Plaintiff submitted his complaint on the forms provided for Civil Rights suits filed pursuant to 42 U.S.C. § 1983. Since § 1983 is inapplicable to federal employees and agents, the court construes his claims against federal defendants as arising under *Bivens v. Six Unknown Named Agents of Fed.*

---

[1] Plaintiff filed documents evidencing that he exhausted his administrative remedies in regard to his claim.

2

*Bureau of Narcotics*, 91 S.Ct. 1999 (1971) which authorizes civil rights suits against federal employees or agents. Thus, it is necessary that the court consider plaintiff's claims utilizing a civil rights analysis. Additionally, noting the court's obligation to construe the plaintiff's complaint liberally, the court will also analyze the plaintiff's complaint under the FTCA.

## Civil Rights Analysis

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[2] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.1915A; 28 U.S.C.1915(e)(2). *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.1990). A hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994). A complaint may not be dismissed under § 1915(d)(2)(B) "simply because the court finds the plaintiff's allegations unlikely." *Jolly v. Klein*, 923 F.Supp. 931, 942-43 (S.D.Tex.1996).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Schultea v. Wood*, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir.1993); see, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d at 97.

Plaintiff's complaint sufficiently establishes his theories of liability, and the court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for which relief may be granted and accordingly recommends dismissal of the complaint.

**The Defendants**

*Bivens* claims may not be brought against agencies of the federal government. *F.D.I.C. v. Meyer*, 510 U.S. 471, 114 S.Ct. 996, 1006, 127 L.Ed.2d 308 (1994). See also *Correctional Services Corporation v. Malesko*, 534 U.S. 61, 69-70 (2001) (analyzing the scope of the *Bivens* remedy and noting that to allow such a claim against a federal agency would eviscerate the remedy) citing *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994)). As such, plaintiff's civil rights claims against the Department of Homeland Security and the Bureau of Prisons should be dismissed.

Likewise, plaintiff's claims against FCIO Warden J.P. Young, Assistance Secretary of U.S. Immigration and Customs Enforcement Michael J. Garcia, U.S. Department of Justice (Civil Division, Torts Branch) Paralegal Claims Specialist Aleta Bodolay, U.S. Department of Justice (Civil Division) Field Officer Director Craig Robinson, U.S. Immigration and Customs Enforcement (Office of Detention and Removal Operations) Acting Assistant Director Wesley J. Lee, and U.S. Immigration and Customs Enforcement (Office of Detention and Removal Operations) Deportation Assistant Samuel Edwards, should fail. Plaintiff's complaint is completely devoid of factual allegations against these parties. Rather, it appears that these individuals did nothing more than handle correspondence and/or respond to

correspondence/inquiries from plaintiff regarding his claim. There is absolutely nothing in the record (provided by plaintiff) to indicate that any of these defendants ever came in contact with or handled plaintiff's property. Nor is there any indication that these defendants issued instructions regarding the property or otherwise directed where or to whom the property should be sent. Plaintiff admits that the property did not go with him to FCIO. In fact, in a letter dated January 7, 2005, from plaintiff to Bergen County Jail, plaintiff stated "that ICE property officer called your jail and spoke to Lieutenant Wilson, who informed him my property was located there and that my property was mailed to the address I provided. In fact, as per my instructions my wife, Vianela Vaez, went to the post-office located by my house and was informed that the property was returned back to you at the Bergen County Jail." [Doc. #4-3, p. 16].

To the extent that plaintiff names these parties in a supervisory capacity, that claim is not cognizable. It is well settled that supervisory officials may not be held liable under the doctrine of *respondeat superior*. See, *Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992), *cert. denied*, 508 U.S. 951, 113 S.Ct. 2443, 124 L.Ed.2d 660 (1993); *Jennings v. Joshua Independent School District*, 877 F.2d 313 (5th Cir. 1989), *cert. denied*, 496 U.S. 935, 110 S.Ct. 3212, 119 L.Ed.2d 226 (1990). To be liable, supervisory officials must be personally involved in the act causing the alleged constitutional deprivation, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Here, Plaintiff fails to set forth a constitutional claim against these parties. There are no allegations that they were personally implicated in any alleged constitutional deprivation or that they implemented any policy which acts as a constitutional deprivation. Accordingly, Plaintiff's claims against FCIO Warden J.P. Young, Assistance Secretary of U.S. Immigration and Customs Enforcement Michael J. Garcia, U.S. Department of Justice

(Civil Division, Torts Branch) Paralegal Claims Specialist Aleta Bodolay, U.S. Department of Justice (Civil Division) Field Officer Director Craig Robinson, U.S. Immigration and Customs Enforcement (Office of Detention and Removal Operations) Acting Assistant Director Wesley J. Lee, and U.S. Immigration and Customs Enforcement (Office of Detention and Removal Operations) Deportation Assistant Samuel Edwards should be dismissed for failure to state a claim upon which relief may be granted, and these defendants should be dismissed with prejudice from this lawsuit.[3]

**Federal Tort Claims Act Analysis**

To the extent that plaintiff's claims may fall within the Federal Tort Claims Act (FTCA), such claims would likewise fail. Specifically, the FTCA is a limited waiver of the sovereign immunity of the United States. *McNeily v. United States,* 6 F.3d 343, 347 (5th Cir. 1987); *Williamson v. U.S. Department of Agriculture,* 815 F.2d 368, 373 (5th Cir. 1987). It is the exclusive remedy for claims sounding in common law tort against the United States, its agencies, and its employees acting within the scope of their employment. 28 U.S.C. § 2679; *F.D.I.C. v. Meyer,* 114 S.Ct. 996 (1994). The FTCA provides that the United States can be liable in tort for any negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred. 28 U.S.C. §1346(b).

However, the FTCA contains exceptions to the waiver of sovereign immunity which must be

---

[3] In regard to plaintiff's claims against Bergen County Jail, the court notes that 28 U.S.C. § 1406 (a) mandates that the district court dismiss a case which has been incorrectly filed in the wrong district or division. Furthermore, the statute mandates that if the interest of justice so requires, the district court shall transfer such a case to a district or division where the action could have been brought. In this matter, plaintiff complains of actions that occurred at Bergen County Jail, which is located in Hackensack, New Jersey. As such, plaintiff's §1983 claims and/or tort claims for violations allegedly occurring at Bergen County Jail could (and should) have been filed in that district originally. Therefore, this court finds that plaintiff's claims against Bergen County Jail should be dismissed without prejudice to plaintiff's rights to file said claims in the proper New Jersey district court.

strictly construed in favor of the United States. *McMahon v. United States*, 72 S.Ct. 17, 19 (1951); *Jeanmarie v. United States*, 242 F.3d 600, 605 (5th Cir. 2001); *Atorie Air v. F.A.A.*, 942 F.2d 954, 958 (5th Cir. 1991); 28 U.S.C. §1346. One exception found at 28 U.S.C. § 2680(c) concerns damage claims resulting from the detention of goods. This section states:

**§ 2680 Exceptions**

The provisions of this chapter and section 1346(b) of this title shall not apply to–
(C) Any claim arising on respect of...the detention of any goods, merchandise, or other property by any...law enforcement officer....

The Fifth Circuit has held that § 2680(c) is applicable to all claims arising from the detention of goods and merchandise by any federal law enforcement officer in the performance of his or her lawful duties. *Halverson v. United States,* 972 F.2d 654, 655 (5th Cir. 1992), *cert. Denied,* 113 S.Ct. 1297 (1993); *Chapa v. United States Department of Justice*, 339 F.3d 388 (5th Cir. 2003). Further, the Supreme Court has concluded that the exception applies to the negligent loss or destruction of the property while it is in the possession of law enforcement officers. The language "arising in respect of" is synonymous with "arising out of" and "sweep[s] within the exception all injuries associated in any way with the 'detention' of goods." *Kosak v. United States,* 104 S.Ct. 1519 (1984). Accordingly, to the extent that plaintiff's claims fall within the scope of the FTCA, the exception contained in section 2680(c) would be applicable, thereby rendering the claims not actionable under the FTCA.

Accordingly,

**IT IS RECOMMENDED** that plaintiff's civil rights complaint against FCIO Warden J.P. Young, Assistance Secretary of U.S. Immigration and Customs Enforcement Michael J. Garcia, U.S. Department of Justice (Civil Division, Torts Branch) Paralegal Claims Specialist Aleta Bodolay, U.S. Department of Justice (Civil Division) Field Officer Director Craig Robinson, U.S. Immigration and Customs

Enforcement (Office of Detention and Removal Operations) Acting Assistant Director Wesley J. Lee, and U.S. Immigration and Customs Enforcement (Office of Detention and Removal Operations) Deportation Assistant Samuel Edwards be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim on which relief may be granted pursuant to the provisions of 28 U.S.C. 1915(e)(2).

**IT IS ALSO RECOMMENDED** that plaintiff's claims against Bergen County Jail be dismissed without prejudice to plaintiff's rights to file said claims in the proper New Jersey district court.

In the alternative, **IT IS RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE** as same is barred by the § 2680(c) exception of the FTCA.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association,* 79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of December, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE